# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: M.L.

No. 15-1176 (Kanawha County 14-JA-193)


## MEMORANDUM DECISION

Petitioner Father R.L., by counsel Kenneth Starcher II, appeals the Circuit Court of Kanawha County's October 29, 2015, order terminating his parental rights to two-year-old M.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Sharon Childers, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion for a post-adjudicatory improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, the DHHR filed an abuse and neglect petition against the parents. As to petitioner, the DHHR alleged that petitioner had the "functionality of a kindergartener" and failed to care for the child on his own. Based upon this condition, the DHHR alleged that petitioner was unable to provide the child with necessary food, clothing, supervision, and housing. Thereafter, the circuit court granted petitioner supervised and unsupervised visitation with M.L. However, two months later, the circuit court suspended petitioner's unsupervised visitation because he failed to demonstrate that he possessed the necessary parenting skills to provide for the safety and well-being of M.L. After a brief period of supervised visitation, the circuit court also terminated petitioner's supervised visitation due to his "aggressive behaviors and mental instability."

In January of 2015, the circuit court held an adjudicatory hearing, during which the child's mother stipulated that she was an abusing parent. The circuit court continued petitioner's adjudicatory hearing but reinstated his supervised visitation and directed the DHHR to continue

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

providing services.[2] During petitioner's final adjudicatory hearing, the circuit court heard testimony from petitioner and three service providers. After considering the evidence, the circuit court adjudicated that petitioner was neglecting the child.[3] The circuit court found that petitioner was unable to provide appropriate care for M.L.

Furthermore, the circuit court denied petitioner's motion for a pre-adjudicatory improvement period because despite receiving months of services, petitioner failed to make any improvements in his parental ability. In August of 2015, the circuit court held a dispositional hearing at which time it considered petitioner's motion for a post-adjudicatory improvement period. At the conclusion of that hearing, the circuit court denied his motion for an improvement period and terminated his parental rights to the child. The circuit court found that despite receiving one year of services, including parenting classes and visitation, petitioner "made no progress" in remedying the conditions of neglect. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

---

[2]Upon review of the appendix record, it appears that the circuit court previously ordered petitioner to participate in "parenting" services.

[3]West Virginia Code § 49-1-3(2) defines an abusing parent as one "whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect." As such, petitioner's acts of abuse and neglect classify him as an "abusing parent."

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. In support of this argument, petitioner relies on our prior holding wherein we stated as follows:

> Where allegations of neglect are made against parents based on intellectual incapacity of such parent(s) and their consequent inability to adequately care for their children, termination of rights should occur only after the social services system makes a thorough effort to determine whether the parent(s) can adequately care for the children with intensive long-term assistance. In such case, however, the determination of whether the parents can function with such assistance should be made as soon as possible in order to maximize the child(ren)'s chances for a permanent placement.

Syl. Pt. 4, *In re Billy Joe M.*, 206 W.Va. 1, 521 S.E.2d 173 (1999). However, petitioner's argument ignores the appropriate statutory law and our case law interpreting post-adjudicatory improvement periods. Specifically, pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." While it may be true that the circuit court failed to enter an order granting petitioner a post-adjudicatory improvement period, it is undisputed that he was provided services throughout the underlying proceedings. The record is clear that petitioner was participating in services designed to remedy the conditions of neglect, as the circuit court heard testimony from multiple service providers that petitioner was participating in parenting services and visitation. In fact, in his brief to this Court, petitioner acknowledges the testimony that he was participating in parenting services and was granted visitation with M.L. We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Based upon the specific facts of this case, we find that the circuit court's failure to enter an order granting petitioner a post-adjudicatory improvement period does not constitute such a frustration or disregard of the applicable rules to justify that reversal of the circuit court's order. This is especially true in light of the fact that petitioner received approximately one year of parenting services and visitation during the underlying proceeding. Moreover, the circuit court's January 1, 2015, order directed the DHHR to continue providing petitioner with services. Thus, the foregoing reasons, we find no reversible error in this regard.

For the foregoing reasons, we find no error in the circuit court's October 29, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: **May 23, 2016**


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II